The offense is selling whisky in a dry area; the punishment, a fine of $100.

There is no proof in the record in support of the averments in the complaint and information that McCulloch County is a dry area. The conviction cannot stand with the record in such condition. Cunningham v. State, 132 Tex.Cr.R. 63, 102 S.W.2d 413. We are not authorized to consider the affidavits filed in this court to the effect that McCulloch County is a dry area.

With permission of the court the county attorney amended the complaint by interlining certain phrases. Such action invalidated the complaint. We quote from Patillo v. State, 3 Tex.App. 442, as follows: "Clearly the court had no right to amend, or permit any one else to amend, the affidavit. Affiant himself could not have done so without being sworn anew as to the amended statement. Whenever the court permitted the county attorney to amend the affidavit, it ceased to be the act of affiant; * * *."

The judgment is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## COBB v. STATE.
### No. 20351.

Court of Criminal Appeals of Texas.

April 5, 1939.

Wallace B. Moore, of Dallas, for appellant.

982

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Upon appellant's plea of guilty of the offense of misdemeanor theft, and the waiver of a trial by jury, the court assessed his penalty at thirty days' imprisonment in the county jail.

The record contains neither a statement of facts nor bills of exception. The information appears to be in proper form, and all proceedings herein seem to be regular, and we have no other alternative than to affirm the judgment, which is accordingly done.

Wallace B. Moore, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.